IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

Barry Tyler, )
 )
      Plaintiff, )
 )
v. ) Civil Action No. 3:14-CV-209
 )
Asset Acceptance, LLC, ) Jury Trial Demanded
 )
      Defendant. )
 )

## COMPLAINT

### INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq.

### JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 (federal question jurisdiction).

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereafter referred to as "FDCPA") by Defendants, in their illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here, Defendant(s) transact business here and Plaintiff resides here.

1

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff, Barry Tyler (hereafter referred to as "Plaintiff" and/or "Mr. Tyler") is a resident of this State, District and Division who is authorized by law to bring this action.

6. Defendant, Asset Acceptance, LLC (hereafter referred to as "Defendant Asset") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a Foreign Limited Liability Company, organized in Delaware, with its principal office located at 28405 Van Dyke Avenue, Warren, MI 48093-7132 and maintains Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312, as its registered agent for service of process.

7. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

8. Defendant alleges Plaintiff incurred an obligation to pay money arising out of a transaction in which money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

9. Within a year prior to the filing of this Complaint, on or about June 3, 2013, Defendant Asset sent a collection letter dated June 3, 2013 to Mr. Tyler.

10. The June 3, 2013 collection letter from Defendant Asset was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the June 3, 2013 collection communication is attached hereto as Exhibit A and incorporated herein by reference.

11. The June 3, 2013 collection letter stated (a) Bank One as the and original creditor,

(b) the last four digits of the original creditor account were 7264, (c) the last four digits of Defendant Asset's account were 9971, and (4) the Plaintiff owed a balance of $24,211.81.

12. Thereafter, Mr. Tyler received a subsequent collection letter from Defendant Asset approximately 9 days later dated June 12, 2013.

13. The June 12, 2013 collection letter from Defendant Asset was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the June 12, 2013 collection communication is attached hereto as Exhibit B and incorporated herein by reference.

14. The June 12, 2013 collection letter stated (a) the account was in regards to Bank One and Defendant Asset is the creditor to whom the debt is owed, (b) the last four digits of the original creditor account were 7264, (c) the last four digits of Defendant Asset's account were 9971, and (4) the Plaintiff owed a balance of $24,315.16.

15. Thereafter, Mr. Tyler received a subsequent collection letter from Defendant Asset approximately three (3) months later, dated September 1, 2013.

16. The September 1, 2013 collection letter from Defendant Asset was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the September 1, 2013 collection communication is attached hereto as Exhibit C and incorporated herein by reference.

17. The September 1, 2013 collection letter stated (a) Bank One as the original creditor, (b) the last four digits of the original creditor account were 7264, (c) the last four digits of Defendant Asset's account were 9971, and (4) the Plaintiff owed a balance of $24,358.23.

18. Thereafter, Mr. Tyler received three (3) subsequent collection letters from Defendant Asset, dated January 1, 2014, March 1, 2014 and May 1, 2014.

19. The subsequent collection letters from Defendant Asset were all additional "communications" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the January 1, 2014, March 1, 2014 and May 1, 2014 collection communications are attached hereto as collective Exhibit D and incorporated herein by reference.

20. The collection letters state (a) Bank One as the original creditor, (b) the last four digits of the creditor account were 7264, and (c) the last four digits of Defendant Asset's account were 9971.

21. In all three collection letters, the current balance remained the same at $24,358.23.

22. Plaintiff has made no payments to the above-referenced account since the June 3, 2013 collection correspondence.

## CAUSES OF ACTION
## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

23. Mr. Tyler incorporates the allegations set forth in Paragraphs 1 through 22 above as if set forth fully herein.

24. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the collection of amounts neither expressly authorized by the agreement creating the debt nor permitted by law in a violation of 15 U.S.C. §1692f(1).

25. The actual amount of the alleged debt is certainly in question. It is overly confusing as to what amount is owed on this account since the amount of $24,211.81 is demanded in the Defendant's collection letter dated June 3, 2013; then the balance increases to

4

$24,315.16 pursuant to Defendant's collection letter dated June 12, 2013; then the balance increases to $24,358.23 pursuant to Defendant's collection letter date September 1, 2013; the balance stays the same from Defendant's January 1, 2014 collection letter demanding $24,358.23, Defendant's March 1, 2014 collection letter demanding the same balance of $24,358.23, and finally Defendant's May 1, 2014 collection letter demanding $24,358.23.

26. A simple understanding of accruing interest shows that the amounts demanded by Defendant is a result of Defendant's efforts to keep Mr. Tyler confused as to the amount owed since they are completely random and accrue incalculable rates of interest that are neither authorized in the agreement creating the debt nor permitted by law.

27. A calculation of the Defendant's demands of various balances on this account demonstrates interest accruing on the account at a rate of 17.311% based upon an annual percentage rate ("APR") from the June 3, 2013 collection letter demanding $24,211.81 to the June 12, 2013 collection letter demanding $24,315.16.

28. A further calculation of the Defendant's demands of various balances on this account demonstrates interest accruing on the account at a rate of .0798% based upon an annual percentage rate ("APR") from June 12, 2013 collection letter demanding $24,315.16 to the September 1, 2013 collection letter demanding $24,358.23.

29. Mr. Tyler asserts that his interest rate on his Bank One account ending in 7264 was never 17.311% APR, nor 0.798% APR.

30. By demanding amounts that increase at a rate of interest which is inconsistent with the contractual rate of interest, and then the amount sought on the collection letters known as collective Exhibit D, Defendant has confused Mr. Tyler as to what amount of money he owes on this account, if any.

5

31. When Defendant realized it could not collect an unauthorized, inflated, balance amount, it then inexplicably sought the exact amount in collective Exhibit D.

32. Mr. Tyler asserts that the constantly changing balances demanded by Defendant demonstrate that the Defendant does not have actual knowledge of the correct amount owed on this account, if any.

33. Mr. Tyler asserts that the constantly changing balances demanded by Defendant demonstrate that the Defendant does not have actual knowledge of the correct amount of interest applicable to this account, if any.

34. Mr. Tyler further asserts that Defendant is attempting to keep him confused as to the amount owed, so that if he were to make payments on this account he would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by him.

35. Defendant's collection letters never assert that interest and/or fees are accruing or at what rate interest/fees are accruing, late charges and other charges that may vary from day to day, and therefore even if Mr. Tyler were to pay the full amount demanded of him, Defendant may still seek more from him in the future.

36. The collection letters from Defendant assert varying balances owed, and after calculating the time that had passed between the letters and the change in the amount demanded, it is obvious the interest and fees charged were not applied consistently and thus could not be in compliance with the original agreement creating the debt.

37. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE AMOUNT OF THE ALLEGED DEBT

38. Mr. Tyler incorporates the allegations set forth in Paragraphs 22 through 37 above as if set forth fully herein.

39. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A).

40. Each initial letter from Defendant demands a different amount from the Plaintiff, until the January 1, 2014, March 1, 2014 and May 1, 2014 collection letters.

41. As more fully described in the first cause of action *supra*, a calculation of the time between the Defendant Asset's collection letters and the amounts sought shows that each and every collection effort has accrued a different amount of interest, and none of them applied the contractual rate of interest or an amount permissible by applicable law.

42. By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendant has confused Mr. Tyler as to what amount of money is owed on this account.

43. Mr. Tyler is confused as to what amount on this account since the Plaintiff has received various collection letters with varying balances and non-contractual interest rates applied.

44. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

7

# THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE AMOUNT OF THE ALLEGED DEBT

45. Mr. Tyler incorporates the allegations set forth in Paragraphs 37 through 44 above as if set forth fully herein.

46. Tennessee Code Annotated Section 28-3-109(a)(3) provides "The following actions shall be commenced within six (6) years after the cause of action has accrued: Actions on contract not otherwise expressly provided for."

47. The Contract between Mr. Tyler and Bank One (allegedly concurrently assigned to Asset Acceptance, LLC) would certainly be deemed as a contract for an unsecured, open-ended retail contract.

48. The alleged breach of the contract would have occurred upon default of the terms of the Contract. The date of the breach of the contract here took place in 2002.

49. Mr. Tyler asserts no payment(s) have been made since 2002 and he has not attempted to make payment or any other such conduct that would give rise to tolling the statute of limitations.

50. As such, the time allowed under Tennessee Code Annotated Section 28-3-109(a)(3) for Bank One or its assignees to pursue an action for the alleged breach would have been before 2008, which would be six years after the alleged default with Bank One.

51. Defendant Asset willfully or negligently failed to make a reasonable investigation as to the date when the alleged debt went into default prior to the collection letters.

52. 15 U.S.C. §1692e(2) of the FDCPA prohibits the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt.

53. As referenced above, Defendant Asset was attempting to collect a debt to which it has no legal basis to do so.

54. As a result of Defendant Asset's actions, Mr. Tyler is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

TRIAL BY JURY

55. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendant to be insufficient; and

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 22nd day of May, 2014.

                                                   BARRY TYLER

                                    BY:   /s/ Brent Travis Strunk_____
                                                    Brent Travis Strunk (BPR 023050)
                                                    Attorney for Plaintiff

Brackett and Strunk, PLLC
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
865-688-0868
(f) 865-688-2950
consumerbk@comcast.net